# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| KEVIN L. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-0658 |
| | ) | Judge Trauger |
| CUMBERLAND HEIGHTS FOUNDATION, INC., | ) | Magistrate Judge Knowles |
| *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**TO: The Honorable Aleta A. Trauger**

Plaintiff Kevin L. Brown proceeds *pro se* and *in forma pauperis*. He has filed a complaint under the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 ("Civil Rights Act"), the Americans with Disabilities Act ("ADA"), the Rehabilitation Act of 1973 ("RA"), and the Tennessee Human Rights Act ("THRA"). This action has been referred to the undersigned for an initial review under 28 U.S.C. § 1915(e). For the reasons set forth herein, the undersigned recommends that the claims under the Civil Rights Act, the ADA, and the RA be dismissed with prejudice for failure to state a claim for which relief may be granted, and that the Court decline to exercise supplemental jurisdiction over the remaining state-law claim and instead dismiss that claim without prejudice.

## I.    STANDARD OF REVIEW

If an action is filed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)"). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual

allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create [plaintiff's] claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## II.      FACTUAL ALLEGATIONS

The complaint names the following as defendants: (1) Cumberland Heights Foundation, Inc. ("CHF"),  a not-for-profit organization that operates drug-and-alcohol treatment centers; (2) Cumberland Heights, Inc. ("Cumberland Heights"), a component of CHF, presumably one of the rehabilitation centers operated by CHF; (3) Jay Crossan, CEO of CHF; (4) Charles Chapman Sledge, Medical Director at

Cumberland Heights; (5) Howard Burley, M.D., administrator of mental health services at Cumberland Heights; (6) Juanita C. Chester, R.N., Director of Nursing at Cumberland Heights; (7) Lori Bradford Miles, R.N., Nursing Supervisor at Cumberland Heights; and (8) Robert E. Murray, Medical Director at Cumberland Heights.

The plaintiff alleges that he is a member of a protected class based on his sex and disabilities. He alleges that the defendants discriminated against him by denying him necessary medical services, specifically detoxification treatment, despite obvious signs and symptoms of a life-threatening condition. He alleges that the discrimination was based on (1) the defendants' perception that he is a "raving homosexual" based on his having feminine mannerisms; and (2) the plaintiff's disability, namely a mental illness of bipolar disorder requiring numerous medications. With regard to the latter, the plaintiff alleges that the defendants refused to provide a reasonable accommodation for his disability, treated him in "such a manner as the average person would have found to be intolerable" (ECF No. 1, at 9), and caused the plaintiff to suffer irreparable injury and monetary damages as a result of such discrimination. The plaintiff seeks injunctive relief as well as monetary damages and attorney fees.

III.    DISCUSSION

A.    The Civil Rights Act of 1964, as Amended

The plaintiff purports to bring suit under "the Civil Rights Act of 1964, (42 U.S.C. Section 2000e-16 et seq.), as amended by the Civil Rights Act of 1991." (ECF No. 1, at 1.) The referenced statute prohibits employment discrimination by federal agencies. 42 U.S.C. § 2000e-16(a). The plaintiff's allegations do not implicate § 2000e-16 because none of the defendants is a federal agency. The complaint therefore clearly fails to state a colorable claim for relief under § 2000e-16.

Even construed more broadly, the complaint fails to state a claim based on discrimination by a public accommodation under Title II of the Civil Rights Act. The prohibition against discrimination in public accommodations incorporated into the Civil Rights Act pertains only to discrimination on the basis of "race, color, religion, or national origin." 42 U.S.C. § 2000a(a). Title II does not prohibit discrimination on the basis of sex or disability. Moreover, the statutory definition of a public accommodation, set forth in 42 U.S.C. § 2000a(b), is very narrow. Basically, the establishment must be (1) a lodging place, (2) a restaurant or facility engaged in selling food, (3) a theater, arena, or other place of exhibition or

entertainment, or (4) an establishment physically located within another covered establishment. The complaint does not allege that Cumberland Heights or CHF falls within this definition.

The plaintiff's claims under the Civil Rights Act are therefore subject to dismissal for failure to state a claim for which relief may be granted.

### B.    The Americans with Disabilities Act

The plaintiff brings suit under the Americans with Disabilities Act ("ADA"), but he does not specify under which title of the ADA he seeks to assert claims.[1] The ADA prohibits "discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." *Tennessee v. Lane*, 541 U.S. 509, 516–17 (2004).

The complaint does not allege employment discrimination, so it does not state a claim under Title I. To state a claim under Title II, a plaintiff must allege that he was denied "the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. The term "public entity" is defined by the statute to include "any State or local government" or department, agency or instrumentality thereof. 42 U.S.C. § 12131. The plaintiff does not allege that any defendant qualifies as a public entity and therefore does not state a claim under Title II.

It therefore appears that the plaintiff seeks to bring a claim under Title III of the ADA, which applies to "Public Accommodations and Services Operated by Private Entities." 42 U.S.C. §§ 12181–12189. Title III, however, authorizes only injunctive relief, not monetary damages, to successful plaintiffs. "[T]he enforcement statute [for Title III] is 42 U.S.C. § 12188, which incorporates the remedies of 42 U.S.C. § 2000a-3(a), and that section does not include money damages." *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 293 (6th Cir. 1999). The complaint therefore fails to state a claim for damages under the ADA.[2]

In addition to damages, the plaintiff also seeks a permanent injunction requiring (1) the defendants "to abolish discrimination and reprisal"; (2) the "allocation of significant funding and trained

---

[1] The plaintiff actually refers to "42 U.S.C. Sections 1201 et seq." (ECF No. 1, at 1.) The Court presumes he intended to refer to § 12101 rather than § 1201.

[2] Section 12188(b) permits money damages to an aggrieved person but only in a discrimination case brought by the Attorney General.

staff to implement all changes within two years"; (3) the removal or demotion of those administrators directly involved in the delivery of rehabilitation services at Cumberland Heights; and (4) mandatory training for all employees. (ECF No. 1, at 9–10.)

In order to be entitled to prospective injunctive relief of any kind, a plaintiff must "show that he is under threat of suffering [an] 'injury in fact.'" *Gaylor v. Hamilton Crossing CMBS*, 582 F. App'x 576, 579 (6th Cir. 2014) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). The "threat" of a prospective injury must be real and immediate and not premised solely upon the existence of past injuries. *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990); *City of Los Angeles v. Lyons*, 461 U.S. 95, 102–03 (1983).

In addressing the pleading requirements for demonstration of the requisite threat of future injury in the context of a Title III public accommodation claim, the Sixth Circuit concluded that a plaintiff must allege "(1) a plausible intent to return to the noncompliant accommodation or (2) that he would return, but is deterred from visiting the noncompliant accommodation because of the alleged accessibility barriers." *Gaylor*, 582 F. App'x at 580 (citations omitted). In *Gaylor*, the Sixth Circuit found that the plaintiff's pleading adequately established these factors, because he alleged both that he intended to return as a patron to the defendant's store and that, although he desired to continue to visit the defendant's store, he genuinely feared that the existing architectural barriers that had made access difficult in the past, due to his disabilities, would continue to make access difficult in the future. *Id.* The court found such allegations to be plausible in light of the plaintiff's allegations that he had a history of visiting the area where the store was located with some frequency and had suffered past injury in attempting to visit the store; he stated specific reasons why he particularly enjoyed visiting the shopping center where the defendant's facility was located; and he had specific plans to visit the property in the near future.

In the present case, the plaintiff does not allege when his interaction with Cumberland Heights and the individual defendants took place, other than to state that he filed a complaint with "SAMSHA for the Nashville Chapter concerning allegations of sex discrimination or perceived gender-stereotype discrimination amounting to sex discrimination . . . on or before May 28, 2015, relating to the omissions and/or commissions of the medical staff and admitting personnel." (ECF No. 1, at 4.) He does not indicate that he intends to return to Cumberland Heights for treatment or that he would return but is deterred

because of the alleged barriers to access related to his disability. The Magistrate Judge therefore finds that the complaint fails to allege facts showing that the plaintiff has standing to assert a claim for prospective injunctive relief for purposes of a Title III ADA claim.

### C. The Rehabilitation Act

The Rehabilitation Act ("RA") states, in relevant part:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity *receiving Federal financial assistance* or under any program or activity conducted by an Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a). Thus, to state a claim of disability discrimination under the RA, a plaintiff must allege, among other things, that he is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under a program or activity that receives federal financial assistance. *Burns v. City of Columbus*, 91 F.3d 836, 841 (6th Cir. 1996).

The complaint clearly does not assert a viable RA claim against the individual defendants. Moreover, the complaint does not contain any factual allegations suggesting that the defendant entities, which are private non-profit organizations, receive federal financial aid. The complaint therefore fails to state a colorable claim under the RA.

### D. The Tennessee Human Rights Act

The Court has broad discretion under 28 U.S.C. § 1367(c) in determining whether to exercise supplemental jurisdiction. *Osborn v. Haley*, 549 U.S. 225, 245 (2007). Specifically, section 1367(c)(3) provides that district courts may decline to exercise supplemental jurisdiction over related state claims if "the district court has dismissed all claims over which it has original jurisdiction."

Because the complaint fails to state a colorable claim under federal law over which this Court has original jurisdiction, the Court may decline to exercise supplemental jurisdiction over the remaining state-law claim.

## IV. CONCLUSION AND RECOMMENDATION

For the reasons set forth herein, the Magistrate Judge finds that the allegations in the complaint fail to state colorable claims under the Civil Rights Act of 1964, as amended, the ADA, or the RA, and

therefore **RECOMMENDS** that these claims be **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief may be granted.

The undersigned further **RECOMMENDS** that the Court decline to exercise supplemental jurisdiction over the remaining state-law claim and that that claim be **DISMISSED WITHOUT PREJUDICE**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the district court's order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 147–50 (1985) (affirming the appellate court's holding that failure to file an objection to the magistrate judge's report constitutes a waiver); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).


_____
E. CLIFTON KNOWLES
United States Magistrate Judge